IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BROOKSHIRE GROCERY COMPANY                          PLAINTIFF/
                                                    COUNTER DEFENDANT

v.                        Case No. 1:24-cv-01067

LINDSEY-PINE PLAZA, LLC.                             DEFENDANT/
                                                    COUNTER PLAINTIFF

## ORDER

Before the Court is a Motion for Reconsideration filed by Defendant Lindsey-Pine Plaza, LLC ("Lindey-Pine").  (ECF No. 38).  Plaintiff Brookshire Grocery Company ("Brookshire") filed a response.  (ECF No. 43).  Lindsey-Pine replied.  (ECF No. 44).

### I.   BACKGROUND

Lindsey-Pine and Brookshire each argue that the other is obligated to pay for the repairs to the leased facility under their lease.  Brookshire, the tenant, argues that the lease requires Lindsey-Pine to pay for the repairs because the lease obligates the landlord to pay for structural repairs. The parties do not dispute that the damage to the lease facility is structural.  Lindsey-Pine, the landlord, contends that the lease requires Brookshire to pay for the repairs because the lease obligates the tenant to pay for use exceeding "ordinary wear and tear."  Lindsey-Pine argues that this issue should go to trial because whether Brookshire's use was or exceeded ordinary wear and tear is a fact question for the jury.

In a previous opinion, the Court granted Brookshire's motion for summary judgment on the issue of liability. (ECF No. 37).  The Court held that the lease requires the landlord to pay for both damage caused by ordinary wear and tear and for structural repairs.  Thus, the Court reasoned that even if the damage was caused by extraordinary wear and tear on Brookshire's part, the lease

requires Lindsey-Pine to pay for repairs if they are structural in nature. (ECF No. 37, at 10). Lindsey-Pine now moves for reconsideration under Rule 54(b), arguing that the Court committed a manifest error of fact and law in its previous opinion. (ECF No. 38).

## II.  STANDARD OF REVIEW

Lindsey-Pine moves for reconsideration of the Court's opinion pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Rule 54(b) provides that "when fewer than all claims are resolved, the district 'court may direct the entry of a final judgment as to one or more' claims or parties, but in the absence of such a direction, any other form of decision 'which adjudicates fewer than all the claims . . . is subject to revision at any time before the entry of [final] judgment.'" *K.C. 1986 Ltd. P'ship v. Reade Mfg.*, 472 F.3d 1009, 1017 (8th Cir. 2007) (quoting Fed. R. Civ. P. 54(b)). "The district court has the inherent power to consider and modify an interlocutory order any time prior to the entry of judgment." *Id.* (quoting *Murr Plumbing, Inc. v. Scherer Bros. Fin. Servs. Co.*, 48 F.3d 1066, 1070 (8th Cir. 1995)). A district court has discretion to determine whether reconsideration is warranted, however, a "court should only revisit its prior decision when extraordinary circumstances exist, and the original decision was 'clearly erroneous and would work a manifest injustice.'" *Jordan v. Cent. Transp., LLC*, No. 4:17-cv-4011, 2019 WL 885916, at *2 (W.D. Ark. Feb. 22, 2019) (citing *Evans v. Cont. Callers, Inc.* No. 4:10CV2358 FRB, 2012 WL 234653, at *2 (E.D. Mo. Jan 25, 2012)). This is because district courts "have an interest in judicial economy and ensuring respect for the finality of its decisions—values which would be undermined if it were to routinely reconsider its interlocutory orders." *Ward v. Copenhaver*, No. 3:22-cv-00250-LPR-BBM, 2025 WL 3296179, at *6 (E.D. Ark. Nov. 26, 2025) (quoting *Roemen v. United States*, 343 F.R.D. 619, 624 (D.S.D. 2023)).

Further, a Rule 54(b) motion for reconsideration "is not a vehicle to identify facts or legal

arguments that could have been, but were not, raised at the time the relevant motion was pending."

*SPV-LS, LLC v. Transamerica Life Ins. Co.*, 912 F.3d 1106, 1111 (8th Cir. 2019) (citing *Julianello v. K-V Pharm. Co.*, 791 F.3d 915, 923 (8th Cir. 2015)).  A district court does not abuse its discretion in denying a Rule 54(b) motion for reconsideration asserting an "impermissible purpose."  *Id.* at 1112 (citing *Julianello*, 791 F.3d at 923).

## III.  DISCUSSION

Since the Court's previous opinion only decided the issue of liability, and not damages, the Court finds that it was not final and that review under the Rule 54(b) standard is appropriate.  *See K.C. 1986 Ltd. P'ship*, 472 F.3d at 1017.

Lindsey-Pine first argues that the Court misapplied the summary judgment standard by holding that Lindsey-Pine is obligated to pay for all structural damage when the fact question of whether Brookshire's use exceeded ordinary wear and tear remains disputed.  (ECF No. 39, at 3). Lindsey-Pine argues that the Court improperly viewed the facts in a light more favorable to Brookshire, the moving party.  However, the Court did not view the facts in a light more favorable to Brookshire because it did not weigh the facts surrounding whether Brookshire's use exceeded ordinary wear and tear at all.  Rather, the Court found that the lease unambiguously requires the landlord to pay for both damage from ordinary wear and tear and for structural repairs.  Since the parties did not dispute that the damage was structural, the Court found that the lessor, Lindsey-Pine, was liable for those damages.  Accordingly, the Court finds that it did not misapply the summary judgment standard in its previous opinion.

Next, Lindsey-Pine argues that the Court's interpretation of the lease is flawed.  Since Rule 54(b) movants may not raise new legal arguments, the Court will first consider its underlying decision and the parties' initial briefings.  *See SPV-LS, LLC*, 912 F.3d at 1111.  In its motion for

summary judgment, Brookshire argued that paragraphs 7 and 8 of the parties' Lease, read together, unambiguously assigns all structural repairs to the landlord.  (ECF No. 24, at 10).  Lindsey-Pine, in its response, argued that Brookshire's interpretation of the lease would neutralize the requirement that the tenant pay for damages to the leased property in excess of "ordinary wear and tear," and that fact issues remain as to whether Brookshire's use of the property exceeded ordinary wear and tear.  (ECF No. 29, at 11).  In reply, Brookshire argued that Lindsey-Pine's reading of the Lease neutralizes the structural repair obligation of the landlord, and that the Lease's plain language requires the landlord to keep the building structure in good repair.  (ECF No. 31, at 4).  The Court ultimately agreed with Brookshire's interpretation of the lease and held that paragraphs 7 and 8 of the Lease, read together, require the landlord to make structural repairs.  Thus, the Court reasoned that even if the "structural disrepair was caused by Brookshire's use exceeding that of ordinary wear and tear, paragraph 8 still envisions any structural repairs to be made by the [landlord] through its reference to paragraph 7."  (ECF No. 37, at 10).

In the instant motion, Lindsey-Pine argues that the Court erred by adopting Brookshire's interpretation of the lease for three separate reasons.  First, Lindsey-Pine argues that the Court's interpretation of the Lease is impracticable, unreasonable, and unfair.  (ECF No. 39, at 3-5).  Lindsey-Pine argues that all contracts must receive "a practical, reasonable, and fair interpretation," and that the Court's interpretation is impracticable because it allows the tenant unfettered use of the leased premises while still assigning all structural repairs to the landlord.  *Id.* (citing *Ohio Cas. Ins. Co. v. Union Pac. R.R. Co.*, 469 F.3d 1158, 1163 (8th Cir. 2006)).  Second, Lindsey-Pine argues that, based on the dictionary definitions of "keep" and "good repair," there is no factual dispute that it had fulfilled its obligation under paragraph 8 as the landlord to "keep the building structure . . . in good repair" when Brookshire began its tenancy.  *Id.* at 7.  Third, Lindsey-

4

Pine reasserts its argument from the initial briefings that the Court's interpretation of the Lease (an adoption of Brookshire's interpretation) fails to harmonize, and instead neutralizes, the language that the tenant is obligated to repair all damages caused by it in excess of "ordinary wear and tear." (ECF No. 44, at 4-5).

Considering Lindsey-Pine's motion under the Rule 54(b) standards, the Court finds that its previous opinion was not so "clearly erroneous" that it "would work a manifest injustice." *See Jordan*, 2019 WL 885916, at *2. Lindsey-Pine's first and second arguments, though persuasive, are raised for the first time in the instant motion, and Lindsey-Pine does not contend that it was unable to raise these arguments prior to the entry of summary judgment. A motion for reconsideration may not be used to identify "legal arguments that could have been, but were not, raised at the time the relevant motion was pending." *SPV-LS, LLC*, 912 F.3d at 1111; *see also Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (motions for reconsideration cannot be used to introduce new legal theories that could have been raised prior to the issuance of a judgment). Therefore, the Court may not consider these arguments. Turning to Lindsey-Pine's third argument, the Court finds that Lindsey-Pine merely reasserts its arguments from its initial briefing and does not point to any "manifest errors of law or fact" in the Court's previous opinion. *See Hagerman*, 839 F.2d at 414 ("Motions for reconsideration serve a limited function to correct manifest errors of law or fact or to present newly discovered evidence."). Accordingly, the Court finds that reconsideration is not warranted.

Finally, Lindsey-Pine requests that the Court reconsider its finding regarding Brookshire's assumption of the Harvest Food lease. (ECF No. 39, at 5). Lindsey-Pine argues that the Court misinterpreted its argument by concluding that "the Lease, read together as a whole, does not shift the liability for structural repairs to the lessee." (ECF Nos. 39, at 5; 37, at 13). Instead, Lindsey-

Pine argues that it was asserting that Brookshire accepted the building structure "as is" through the assumption from Harvest Foods and argues that the assumption cannot be construed to have amended the Lease.  (ECF No. 39, at 5).  The Court did not find, however, that the assumption amended the Lease.  Rather, it found that the Second and Third Lease Modifications, which were drafted before Brookshire's assumption, did not require Brookshire to remodel the leased premises.  (ECF No. 37, at 13).  In doing so, the Court rejected Lindsey-Pine's argument that the assumption required Brookshire to repair the structural damage it caused—not because the Court found that the assumption amended the original lease, but because that is what the original lease required.  (ECF No. 37, at 11 n.2).  Further, whether Brookshire accepted the building structure "as it was" through the Harvest Foods assumption is irrelevant since the original Lease requires the landlord to keep the building in good structural repair.

## IV.  CONCLUSION

Accordingly, the Court finds that the Motion for Reconsideration (ECF No. 38) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 24th day of April, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
Senior United States District Judge

6